# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CALEB ANDERSON TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-2647-STA-egb |
| | ) | |
| MARKUS JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY DISMISSING COMPLAINT
## AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
## DEFENDANTS JONES AND WASHINGTON

On August 5, 2016, Plaintiff Caleb Anderson Taylor, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed *pro se* a Complaint under 42 U.S.C. § 1983 accompanied by a motion for leave to proceed *in forma pauperis*. On August 10, 2016, the Court granted Taylor leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). Taylor's claims arise from his imprisonment at West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, making venue proper in this District. The Clerk shall record Defendants in this case as WTSP Officer Markus Jones, WTSP Sergeant Billy Washington, and the Tennessee Department of Correction ("TDOC").

## BACKGROUND

Taylor alleges that on September 11, 2015, he was in protective custody at WTSP and housed in a cell without working cameras. (Compl. at 3.) In response to some unspecified form of mistreatment or conflict, Taylor decided to pack up his property and advised Officer Matthew

Smith, who is not a party to this action, that he was refusing his cell assignment pursuant to TDOC policy. (*Id.*) Officer Smith called Defendants Jones and Washington and requested that they remove Taylor to segregation. (*Id.*) Taylor alleges that when Jones and Washington arrived, Taylor insisted on exercising his right to refuse his cell assignment. (*Id.*) Jones responded by telling Taylor that Taylor could either go back to his assigned cell or Jones would use force to return Taylor to his cell. (*Id.*) Jones proceeded to put Taylor back in his cell forcibly. (*Id.*)

After Jones returned Taylor to the cell, Taylor kicked the cell sink off the wall and broke the cell window. (*Id.*) Jones and Washington were called away in the mean time to handle a fight between other inmates. (*Id.* at 4.) When Jones and Washington returned to Taylor's cell, they told Taylor to sit at his desk and then opened the door to the cell. (*Id.*) Jones and Washington then commanded Taylor to get up. (*Id.*) Taylor slowly stood up and raised his hands with both palms up to indicate to Jones and Washington that he did not have a weapon. (*Id.*) When Taylor told Jones and Washington that he did not want any problems, Jones allegedly responded, "Shut the fuck up and put your hands behind your back." (*Id.*)

Taylor then moved one of his hands behind his back at which point Jones and Washington rushed toward Taylor, grabbed Taylor's other arm, and slammed Taylor's head into the wall several times while stating, "Did we not tell you to shut the fuck up and chill out?" (*Id.*) Taylor further alleges that he moved his free hand to shield his head as both Jones and Washington slammed his head into the desk. (*Id.*) According to the Complaint, Jones pulled Taylor's arm over his head in such a way that Jones fractured Taylor's humerus. (*Id.*, *see also* Clinical Restrictions, ECF No. 1-3 at 3.) Taylor claims that he required surgery to correct the fracture but had his request for treatment at the Lois M. DeBerry Special Needs Facility denied.

2

(*Id.* at 4-5, *see also* Inmate Inquiry dated Mar. 7, 2016, ECF No. 1-2 at 4 & Grievance No. 2016-4, ECF NO. 1-4 at 19-24.)

Taylor alleges that he attempted to file grievances against Jones and Washington but was unable to file them for some unexplained reason. (*Id.* at 5.) Taylor states that he has suffered from mental health issues all his life. (*Id.*) Taylor is suing Jones and Washington for violations of his mental health rights and assault on a mentally ill inmate. (*Id.*) Taylor seeks compensatory damages or, in the alternative, a reduction of his sentence. (*Id.* at 6.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleadings standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)

3

nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

**I. Section 1983**

Taylor filed his Complaint on the official form for actions under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court now considers the merits of each of Taylor's claims.

**A. Claims Against the State of Tennessee**

As an initial matter, Taylor has named TDOC as a Defendant in this action. The Court construes a claim against TDOC as a claim against the State of Tennessee. It is well-settled that Taylor cannot sue the State of Tennessee under 42 U.S.C. § 1983. First, a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). More fundamentally, Tennessee is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has construed the Eleventh Amendment to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973). Furthermore, the State of Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). While a state is free to "waive its sovereign immunity" and Congress has authority to abrogate a state's sovereign immunity, "absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State. *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). For all of these reasons, Taylor's claims against TDOC are **DISMISSED**.

**B. Eighth Amendment: Excessive Force**

This leaves Taylor's claims against Jones and Washington for the use of excessive force. The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes

cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The key inquiry under the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 320-21 (citation omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court holds that Taylor's Complaint states a plausible claim against Jones and Washington for the use of excessive force in violation of Taylor's constitutional rights. As Taylor has alleged in some detail, Jones and Washington forcibly rammed Taylor's head several times, first into a wall and then into a desk. During the episode, Jones allegedly broke Taylor's arm. The Court holds that for purposes of screening, Taylor has alleged enough factual matter to state an Eighth Amendment claim under § 1983.

**C. Eighth Amendment: Medical Treatment**

Taylor's Complaint further alleges that he was refused needed medical treatment following his injury. An Eighth Amendment claim for the denial of medical care has both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To establish the subjective component of an Eighth Amendment violation, a prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837.

The Court holds that the Complaint fails to state a claim for deliberate indifference to a serious medical need. Taylor has not identified or named a Defendant responsible for the denial of any care, much less alleged how any prison official showed deliberate indifference to Taylor's serious medical needs. Taylor has attached grievances to his Complaint, showing that he saw an orthopedist about his broken arm but decided not to have surgery. (Response to Grievance, ECF No. 1-4 at 19-24.) Without some additional showing, Taylor has not alleged enough facts to show that a named Defendant denied him treatment in violation of the Eighth Amendment. Therefore, Taylor's denial of medical care claim is **DISMISSED**.

**D. Prayer for Reduced sentence**

Finally, Taylor seeks as one form of possible relief a reduction in his sentence. When a prisoner challenges his conviction and the validity and/or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Taylor has not presented this claim for relief in a properly supported habeas petition. Therefore, the Court **DISMISSES** Taylor's request for a reduced sentence.

## CONCLUSION

The Court **DISMISSES** Taylor's Complaint against TDOC, his claim for deliberate indifference to a serious medical need, and his prayer for a reduced sentence, all for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Taylor has alleged a plausible Eighth Amendment excessive force claim against Jones and Washington.

It is **ORDERED** that the Clerk shall issue process for Defendants Jones and Washington and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants

Jones and Washington pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally, if mail service is not effective. All costs of service shall by advanced by the United States.

It is further **ORDERED** that Taylor shall serve a copy of every subsequent document he files in this case on the attorneys for Jones and Washington or on any unrepresented Defendant. Taylor shall include a certificate of service on every document filed. Taylor must also familiarize himself with Federal Rules of Civil Procedure and the Local Rules of Court.[1] Taylor should promptly notify the Clerk, in writing, of any change of address, transfer to another facility, release from custody, or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of the case without further notice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 6, 2017.

---

[1] A copy of the Local Rules may be obtained from the Clerk of Court. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.