# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CALEB ANDERSON TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-02647-STA-egb |
| ) | |
| MARCUS JONES, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTIONS TO APPOINT COUNSEL
## AND COMPEL SETTLEMENT

On August 5, 2016, Plaintiff filed a *pro se* Complaint for violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) This Court granted Plaintiff leave to proceed *in forma pauperis*, in accordance with 28 U.S.C. § 1915. (ECF No. 4.) On February 26, 2019, Plaintiff filed *pro se* Motions to Appoint Counsel (ECF No. 76) and "Order of Settlement" (ECF No. 75). Upon the Court's consideration of the Motions, both are **DENIED**. The Court will address each in turn below.

The Court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. § 1915(e) ("The court *may request* an attorney to represent any person unable to afford counsel.") (emphasis added); *Reneer v. Sewell,* 975 F.2d 258, 261 (6th Cir.1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights.") (citations and internal quotation marks omitted). Such an appointment in a civil case is not a constitutional right; rather, "it is a privilege that is justified

only by exceptional circumstances." *Richmond v. Settles*, 450 F.App'x 448, 452 (6th Cir. 2011) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). In determining whether "exceptional circumstances" exist, the Court shall examine the nature of the case and the plaintiff's ability to represent himself. *Id.* This requires the Court to assess the complexity of the case's factual and legal issues. *Richmond*, 450 F.App'x at 452. The Court will not appoint counsel to represent an indigent *pro se* civil litigant when the litigant's claims are frivolous or when the chances of the litigant's success are extremely slim. *Richmond*, 450 F.App'x at 452. It is Plaintiff's burden to show that "exceptional circumstances" exist. *Brubaker v. Barrett*, 801 F.Supp.2d 743, 763 (E.D. Tenn. 2011).

A review of the Complaint and subsequent filings indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. In his Motion, Plaintiff merely states that he is "requesting that an attorney be appointed to Plaintiff . . . and the honorable Judge to grant Plaintiff's motion of order for requesting an appointed attorney." (ECF No. 76.) Plaintiff has not provided the Court with any facts indicating that exceptional circumstances exist. Plaintiff appears to understand the facts of his case and applicable law sufficiently to represent himself at this stage in the proceedings. Nothing in the record indicates that Plaintiff's circumstances are more exceptional than other similarly situated plaintiffs bringing civil rights actions. Because this case is not an exceptional one, the Motion to Appoint Counsel is **DENIED**.

The Court now turns its attention to Plaintiff's "Motion of Order for Settlement" (ECF No. 75). In his Motion, Plaintiff asks the Court to order Defendants to settle with Plaintiff in the amount of $35,000. Defendants responded in opposition on March 11, 2019. (ECF No. 77.) Defendants state that there is no settlement agreement between the parties. Plaintiff's request

would have been better suited in his prayer for relief.  It is not within the Court's role to circumvent the judicial process and order parties to settle.  A settlement is, at its very essence, a matter agreed upon by the parties prior to a court rendering its decision on the case.  Therefore, Plaintiff's Motion of Order for Settlement is **DENIED**.

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel and Motion of Order for Settlement are **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  March 13, 2019